12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity, Plaintiff-Appellant,
v.
Bruce ST. J. LILLISTON, AKA Bruce Lilliston, and Katie
Lilliston, Defendants-Appellees.
 No. 92-55532.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Dec. 2, 1993.
 
 Before: FLETCHER, D.W. NELSON, Circuit Judges, and WILL, District Judge.*
 MEMORANDUM**
 The Federal Deposit Insurance Corporation (FDIC) appeals the district court's grant of summary judgment to the Lillistons. The court held that the FDIC was suing the Lillistons on a note dated September 9, 1986, and that it was undisputed that the only note bearing that date had been repaid in full. In addition, the court refused to allow the FDIC to amend its complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 I. Jurisdiction is Proper
 The Lillistons contest this court's jurisdiction over their appeal, claiming that the FDIC sued as FDIC/Receiver in the district court, and FDIC/Corporate on appeal. The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 In the captions of several of the pleadings below, the FDIC referred to itself as "Receiver for the Merchant Bank of California." The body of the FDIC's First Amended Complaint, however, makes it clear that before that complaint was filed, the FDIC in its receiver capacity had sold the assets of the Merchant Bank to the FDIC in its corporate capacity.[1] It is the body of a pleading which controls, not the caption. 5 Wright and Miller, Federal Practice and Procedure Sec. 1321 (1990). Therefore, the court has jurisdiction over this appeal.
 II. Leave to Amend Should have been Granted
 The FDIC argues that following the motion for summary judgment, it should have been allowed to amend its complaint because the Lillistons were prepared to defend against the second note. The denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Such a denial, however, is "strictly" reviewed in light of the strong policy of permitting amendment. Id.
 It is undisputed that pleading defects must not prevent a decision on the merits, particularly when the defendants have fair notice and are able to prepare for trial. See Conley v. Gibson, 355 U.S. 41, 47-48 (1957). Consequently, district courts should freely permit amendment. Nguyen v. United States, 824 F.2d 697, 699 (9th Cir.1987). When the district court offers no reasons for its denial of a request to amend, as in this case, this court reviews the request to determine whether:
 (1) it was made in bad faith; (2) constituted undue delay; (3) resulted in prejudice to the opposing party; (4) would have saved the case of the party requesting amendment and (5) whether the party seeking amendment has previously amended its complaint.
 Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir.1991), cert. denied, 113 S.Ct. 74 (1992).
 Under this test, the FDIC should have been allowed to amend. First, the FDIC's request to amend was not made in bad faith. The FDIC's claim that it believed no formal amendment was necessary because all parties were aware of the actual note at issue is strongly supported by the record. The Lillistons referred to the second note throughout their pleadings as the only one at issue, and orally confirmed with the district court that the FDIC was seeking to collect the $50,000 note. A copy of the first note was never introduced into the record, while three copies of the second note were introduced at various stages by both the Lillistons and the FDIC. The Lillistons based their defenses on theories of fraud and nondisclosure, relying on the terms of the second note not only in their pleadings, but also in their depositions, affidavits, and interrogatories.[2]
 In addition, the Lillistons never asserted that they were being sued for the wrong note until the eve of trial. Indeed, the district court itself stated that it was highly unlikely that the Lillistons were unaware of the actual note in question. Therefore, the FDIC did not act in bad faith because the Lillistons were aware that they were being sued for failure to pay the second note.
 Second, because there was no need to notify the Lillistons that the second note was at issue, the FDIC was not guilty of undue delay in failing to amend its complaint. Third, the Lillistons could not have suffered any prejudice had the complaint been amended because they had prepared their entire defense in relation to the second note. Fourth, the amendment would not have been futile because it would have rectified what the district court considered material error. Finally, because the only prior amendment the FDIC made was upon its original entry into the action following its replacement of the bank, its first "amended" complaint was effectively its original complaint. Therefore, the FDIC should not have been considered to have previously amended its complaint.
 Allowing the FDIC to amend its complaint would have corrected an error which misled no one and would have had no effect on the fairness of the trial. Accordingly, the district court abused its discretion when it failed to allow the FDIC to amend its complaint following summary judgment.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior United States District Judge for the District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 FDIC/Corporate had standing to sue below. 12 U.S.C. Sec. 1823(c)(2)(A)
 
 
 [2]
 At oral argument, counsel for the Lillistons stated that following the district court's denial of the Lillistons' Rule 12(b)(6) motion, the second note was never mentioned in the litigation, nor were any depositions taken. This argument is blatantly incorrect and directly contradicted by the record